Baker v. Schott.

---

ISAAC BAKER, *Appellee*, v. PHILLIP SCHOTT et al., *Appellants*, and SUSIE MCWILLIAMS, Cross-petitioner, *Appellee*.

No. 18,281.

HEADNOTE BY THE REPORTER.

REFORMATION—*Note and Mortgage—Fraud.* Where an agreement for the sale of land provided for interest on deferred payments, but the purchaser fraudulently omitted any provision in the notes and mortgage for such interest and induced the seller to accept them by representing that they were drawn in accordance with the contract, the notes and mortgage should be reformed to conform to the agreement.

Appeal from Sedgwick district court, division No. 1. Opinion filed June 7, 1913. Affirmed.

*W. P. Campbell*, and *M. C. Freerks*, both of Wichita, for the appellants.

*Fred Stanley*, and *Claude C. Stanley*, both of Wichita, for the appellees.

*Per Curiam:* Isaac Baker and Phillip Schott entered into a written contract for the sale from Baker to Schott of a tract of land in Sedgwick county for $7000,

payable as follows: $50 earnest money and $950 upon the execution and delivery of a deed; the balance, $6000, to be paid in installments of $1000 per year, the deferred payments to be evidenced by twenty-four notes for $250 each, four of which were to be payable each year for six years, "with interest at six per cent per annum." Schott was also to make and deliver to Baker a first mortgage on the land to secure the payment of the notes.

The parties met to consummate the agreement a few days later. Baker was an old colored man who, it appears, had had only two months schooling and was hardly able to read. Each party, however, was represented by an attorney. Appellants' attorney there presented to Baker twenty-four notes and a first mortgage securing the same, which it appears had been prepared in accordance with the contract, bearing six per cent interest. The attorney for Baker, observing that the notes were written, "I promise to pay," and were designed only to be signed by Schott, objected that the notes should be worded, "We promise to pay," and should be executed by Schott and wife. Thereupon it was agreed that Schott or his attorney should rewrite the notes as requested and that they should be signed as requested. On the following day the parties again met and Schott and his attorney produced twenty-four notes and a mortgage and represented that the notes were like those examined the day before except they were worded, "We promise to pay," and were signed by Schott and his wife. Neither these second notes nor the mortgage made any provision for interest, but were received relying upon the representation that they were like the notes previously examined except as to the change suggested. There is evidence, which, however, is denied, that the attorney for Schott, when asked about it later, said, in substance, that the attorney for Baker was too captious and "I put one over him"; also that he said Baker's attorney was so drunk he did not

notice the difference.   There was also evidence on behalf of appellants that their attorney said, when he agreed to rewrite the notes, "I will make the notes this way but will leave the interest off."

Baker took the notes and mortgage and retained eight of them and transferred sixteen to his daughter, Susie McWilliams, with the understanding that they also bore six per cent interest.   Baker did not discover the omission of the provision for interest until about April 19, 1910, a year after the execution of the notes, when he thought interest was about to be due thereon. Soon thereafter he brought this action to reform the notes and mortgage according to the agreement, and Susie McWilliams interpleaded and asked that her notes be also reformed.

The good or bad faith in changing the notes so they did not by their terms bear interest as the contract and the first notes drawn provided was the question upon which the verdict depended.   The verdict was for appellees and necessarily implies bad faith on the part of appellants.   It is supported by abundant evidence and was approved by the court in rendering the judgment.

The judgment is affirmed.